UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN ABDUL GILBERT, et al.,

      Plaintiffs,

 v.

STEPHEN SINCLAIR, et al.,

      Defendants.

Case No. 3:19-cv-05406-BHS-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiffs' filing of a civil rights complaint. Plaintiffs have been granted *in forma pauperis* status in this matter and are proceeding *pro se*. Due to the deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before June 21, 2019, plaintiffs must either show cause why this cause of action should not be dismissed or file an amended complaint.

## DISCUSSION

*Standard of Review*

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Plaintiffs must allege a plausible set of facts that would show they are entitled to some relief. The statement of the claim

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (internal citation omitted).

Section 1983 creates liability for "[e]very person who, under color of" state law deprives "any citizen . . . or other person" of his or her "rights, privileges, or immunities" secured by the United States Constitution or other federal law. 42 U.S.C. § 1983. It allows plaintiffs to "bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006)).

To state a § 1983 claim, a plaintiff thus must both: (1) allege his or her federal constitutional or statutory rights were violated, and (2) show a person acting under color of state law deprived him or her of those rights. *Naffe*, 789 F.3d at 1035-36; *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). The plaintiff must show that the defendant personally participated in the alleged deprivation of federal constitutional or statutory rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

*Purported Class Action*

Plaintiff Gilbert purports to bring this action on behalf of himself and two other inmates—Reginald Wayne Wilton and Kenneth Ramone Alston—who are co-plaintiffs and both signed the complaint. Dkt. 1. The plaintiffs refer to themselves as "class plaintiffs" throughout the complaint. *Id.* But because Mr. Gilbert is proceeding pro se, he has no authority to represent the legal interests of any of the other parties. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

Because he cannot represent others' legal interests, if any persons besides the three plaintiffs who have signed the complaint seek to pursue claims against the defendants, those persons must also sign the complaint. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

The Court declines to consider at this stage whether Wilton and Alston, along with Gilbert, are a proper class under Fed. R. Civ. P. 23, as plaintiffs have not had the chance to remedy the deficiencies noted below.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

*Personal Participation*

As noted above, to state a claim for relief under § 1983, plaintiffs must allege facts showing that the defendants personally participated in the alleged deprivation of federal constitutional or statutory rights. *OSU Student Alliance*, 699 F.3d at 1069.

Here, plaintiffs name defendants Stephen Sinclair, Secretary of the Washington State Department of Corrections, Ron Haynes, superintendent at Stafford Creek Corrections Center, and Pamela Iverson, a records supervisor at Stafford Creek. But the complaint is deficient because it makes no factual allegations that clearly identify the defendants or describe the actions they took or failed to take that caused a violation of plaintiffs' constitutional or statutory rights. *See* Dkt. 1, pp. 3-4, 5-7, 10-11.

Accordingly, if plaintiffs file an amended complaint, they are each directed to write out short, plain statements telling the Court: (1) the constitutional right plaintiffs believe was violated; (2) *the name of the person (defendant) who violated the right*; (3) *exactly what that person did or failed to do*; (4) how the action or inaction of that person is connected to the alleged violation of plaintiffs' constitutional or statutory rights; and (5) what specific injury plaintiffs suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiffs must repeat this process for each person they name as a defendant. If plaintiffs fail to affirmatively link the conduct of each named defendant with the specific constitutional violation suffered by plaintiffs, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

If the person named as a defendant was a supervisory official, plaintiffs must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiffs must state, if they can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiffs' constitutional rights, failed to take action to prevent further harm to plaintiffs and also state facts to support this claim. *See Monell v. NYC Dept. of Social Services*, 436 U.S. 658, 691 (1978).

*Heck Doctrine*

A "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)) (emphasis in original).

Plaintiffs allege that defendants' application of the community-custody terms of their sentences violates the Constitution's prohibition on ex post facto laws. Dkt. 1, p. 4; *see* U.S. Const. art. I, § 10. Success in this action would necessarily demonstrate the invalidity of those terms of their sentences. Accordingly, plaintiffs' § 1983 action is barred unless they can show their community-custody terms have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87.

Plaintiff Alston's claim apparently satisfies the *Heck* rule (although it nonetheless suffers from the shortcomings noted above): Plaintiffs submit as an attachment to their complaint a recent opinion of Division One of the Washington Court of Appeals that appears to invalidate, on

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

ex post facto grounds, Alston's community-custody term. *See* Dkt. 1, Exhibit F; *Matter of Alston*, 7 Wn. App.2d 462 (2019).

Plaintiffs Gilbert and Wilton have not made a similar showing, however. Absent a plausible allegation that their community-custody terms have been invalidated, those two plaintiffs' claims are barred under the *Heck* doctrine. *See Heck*, 512 U.S. at 486-87.

CONCLUSION

Accordingly, plaintiffs shall show cause why their complaint should not be dismissed or file an amended complaint to cure these deficiencies, if possible, **on or before June 21, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action under 28 U.S.C. § 1915, and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiffs should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiffs the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 4th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge