1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN ABDUL GILBERT, et al.,

                    Plaintiff,

        v.

STEPHEN SINCLAIR, et al.,

                    Defendants.

Case No. C19-5406 BHS-TLF

REPORT AND
RECOMMENDATION

Noted for February 28, 2020

Plaintiffs, proceeding *pro se* and *in forma pauperis*, bring this action under 42 U.S.C. § 1983 alleging that defendants have violated the Ex Post Facto Clause of the United States Constitution (Art I, 10) by purportedly misapplying a state statute to the plaintiffs' terms of community custody. Dkt. 12. This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure (FCRP) 12(b)(6). Dkt. 14. For the reasons set forth below, the undersigned recommends that the Court GRANT defendants' motion and dismiss plaintiffs' complaint with prejudice. The undersigned also recommends that the Court dismiss the remaining pending motions as moot.

## FACTUAL AND PROCEDURAL HISTORY

The following facts are alleged in the complaint and are assumed to be true only for the purpose of reviewing this motion. *Cedar Point Nursery v. Shiroma,* 923 F.3d 524, 530 (9th Cir. 2019).

REPORT AND RECOMMENDATION - 1

1    The plaintiffs in this action are three inmates at Stafford Creek Corrections

2    Center. Dkt. 12. The plaintiffs were all convicted and sentenced prior to August 1, 2009.

3    *Id.* at 6, 13, 21. Each plaintiff was sentenced to a term of incarceration followed by a

4    term of community custody. *Id.* at 34-35, 44-45, 55-56.

5    Plaintiffs allege that in 2009 the Washington State Legislature amended state

6    sentencing statutes, replacing range-based terms of community custody with fixed

7    terms of community custody. *Id.* at 6, 13, 21. The amended complaint alleges that the

8    Department of Corrections has a statutory duty to bring community custody sentences

9    into compliance with the amended sentencing statute. *Id.* Plaintiffs further asserts that

10   defendants have misapplied the law by failing to follow "The Statutory Mandate

11   Pursuant to RCW 9.74701." *Id.*

12   Plaintiffs state that their original terms of community custody were 24 to 48

13   months, but their terms were changed to a flat term of 36 months. *Id.* at 7, 14, 22.

14   Plaintiffs allege that the correct term of community custody should be 24-36 months. *Id.*

15   As relief for these alleged violations, plaintiffs seek a finding that defendants

16   violated plaintiffs' constitutional rights and $2,500 from each defendant for each day

17   from the date that their sentences were amended until plaintiffs' terms of community

18   custody are corrected. *Id.* at 9, 17, 25.

19   As Exhibit B to the amended complaint, plaintiffs attached the Judgment and

20   Sentence form for plaintiff Gilbert showing that in December of 2005, plaintiff Gilbert

21   was sentenced to 408 months incarceration and a range of 24-48 months of community

22   custody after release. *Id.* at 34-35. Exhibit C to the amended complaint, is the Judgment

23   and Sentence form for plaintiff Wilton indicating that in January 2007, plaintiff Wilton

24

25

REPORT AND RECOMMENDATION - 2

was sentenced to 318 months incarceration and a range of 24-48 months of community custody after release. *Id.* at 44-45. Exhibit D to the amended complaint, is the Judgment and Sentence form for plaintiff Alston showing that in May of 2008, plaintiff Alston was sentenced to 153 months incarceration and 24-48 months of community custody after release. *Id.* at 55-56.

As Exhibit F to the amended complaint, plaintiffs attached an opinion from the Court of Appeals for the State of Washington. Dkt. 12 at 69-79. In June 2017, plaintiff Alston filed a "Petition For Contempt Of Court Pursuant To RCW 7.21 et seq. For Remedial Sanctions" in King County Superior Court. *Id.* at 71. King County Superior Court transferred the matter to the Court of Appeals of the State of Washington as a personal restraint petition. *Id.* The Court of Appeals granted the personal restraint petition, holding that the "application of RCW 9.94A.701, enacted after Alston's conviction, violates the constitutional prohibition against ex post facto laws. Alston is entitled to the relief he seeks—recalculation of his community custody in accordance with the laws in effect at the time of the offense." *Id.* at 79.

## DISCUSSION

Defendants move to dismiss plaintiffs' complaint pursuant to FRCP 12(b)(6). Dkt. 14. Defendants argue that: 1) plaintiffs have failed to adequately plead the personal participation of the named defendants; 2) the lawsuit should not continue against the defendants in their "Official Capacities;" 3) plaintiffs have failed to adequately plead any actual, compensable injury; and 4) the defendants are entitled to qualified immunity. *Id.*

When reviewing a motion pursuant to Rule 12(b)(6), the Court must accept as true "all well-pleaded allegations of fact in the complaint and construe them in the light

REPORT AND RECOMMENDATION - 3

most favorable to the non-moving party." *Cedar Point Nursery*, 923 F.3d at 530 (internal quotations omitted). The Court is not required to accept legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When evaluating a 12(b)(6) motion, the Court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the Court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual mater to "state a claim to relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1007-08 (9th Cir. 2000).

1) <u>Request for Judicial Notice</u>

In this action, both parties have requested that the Court take judicial notice of certain submitted documents. Dkt. 33, 35.

Defendants request that the Court take judicial notice of an Order from The Court of Appeals of the State of Washington dismissing plaintiff Gilbert's personal restraint petition, Case No. 77364-01. Dkt. 33-1. Plaintiffs request that the Court take judicial notice of: 1) Plaintiff Wilton's Reply Brief, filed in his personal restraint petition before the Supreme Court of the State of Washington; 2) Plaintiff Gilbert's Petition for

REPORT AND RECOMMENDATION - 4

1    Discretionary Review Pursuant to RAP 16.14(c) before the Supreme Court of the State

2    of Washington; 3) An Order from The Court of Appeals of the State of Washington

3    dismissing plaintiff Gilbert's personal restraint petition, Case No. 77364-01; 4) the

4    Judgment and Sentence form for plaintiff Gilbert; 5) the Judgment and Sentence form

5    for Victor Contreras; and 6) a letter from the Supreme Court of the State of Washington

6    to plaintiff Gilbert, Counsel for the State of Washington, and the Clerk for the Honorable

7    Richard D. Johnson. Dkt. 35.

8         Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of

9    court filings in another case. *Biggs v. Terhune,* 334 F.3d 910, 916 n.3 (9th Cir. 2003)

10   (*overruled in part on unrelated grounds Hayward v. Marshall,*603 F.3d 546, 555 (9th Cir.

11   2010)). The Court may take judicial notice that the documents were filed and the date

12   on which they were filed, but it may not take judicial notice of any set of facts set forth in

13   the documents themselves. *See, M/V Am. Queen v. San Diego Marine Constr. Corp.*,

14   708 F.2d 1483, 1491 (9th Cir. 1983). Similarly, a Court may take judicial notice of a

15   public record, but cannot take judicial notice of disputed facts contained within a public

16   record. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Finally,

17   a Court may take judicial notice of a letter from a state supreme court, if the letter is

18   relevant to the matter at issue. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

19        Here, both plaintiffs and defendants are requesting that the Court take judicial

20   notice of an Order from The Court of Appeals of the State of Washington dismissing

21   plaintiff Gilbert's personal restraint petition, Case No. 77364-01. *See*, Dkt. 33-1

22   (Defendants' Request for Judicial Notice), Dkt. 35 at 27-28 (Plaintiffs' Request for

23   Judicial Notice). Because this is a public record and neither party disputes its'

24

25

1  authenticity, the Court should take judicial notice of the existence of the order

2  dismissing the personal restraint petition, but not the underlying facts discussed in the

3  order. *See, Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

4       Plaintiffs additionally request that the Court take judicial notice of plaintiff Wilton's

5  brief, filed in a proceeding before the Supreme Court of the State of Washington. Dkt.

6  35 at 5-22. Plaintiffs also request that the Court take judicial notice of plaintiff Gilbert's

7  petition for discretionary review filed before the Supreme Court of the State of

8  Washington. Dkt. 35 at 24-25. Because these documents were filed in judicial

9  proceedings, the Court should take judicial notice that the documents were filed and

10 their filing date, but should not take notice of any set of facts set forth in the documents.

11      Plaintiffs also ask the Court to take judicial notice of plaintiff Gilbert's Judgment

12 and Sentence form and the Judgment and Sentence form of an individual named Victor

13 Contreras. Dkt. 35 at 30-47. These documents were also attached as exhibits to

14 plaintiffs' amended complaint. *See*, Dkt. 12 at 31-38, 59-67. Accordingly, because these

15 documents are incorporated into the operative complaint, the Court may consider these

16 documents in their entirety and need not take judicial notice of the documents.

17      Finally, plaintiffs request that the Court take judicial notice of a letter sent from

18 the Clerk of the Supreme Court of the State of Washington to plaintiff Gilbert, the

19 Attorney General of Washington, and the Clerk for Honorable Richard D. Johnson,

20 regarding plaintiff Gilbert's personal restraint petition. Dkt. 35 at 49-50. Pursuant

21 *Trigueros v. Adams*, the Court should take notice that this letter was sent, and when it

22 was sent, but should not take judicial notice of any facts set forth in the letter. 658 F.3d

23 at 987.

24

25

1    For the reasons set forth above, the undersigned recommends the Court grant

2  both requests for judicial notice (Dkt. 33, 35) for the limited purposes discussed above.

3    2) Standing

4    Here, the defendants do not raise the issue of standing. Instead, defendants

5  argue that the Court should dismiss this action because plaintiffs have failed to allege a

6  compensable injury. However, because plaintiffs have not alleged an actual injury in

7  fact, the plaintiffs lack standing to bring this action. Accordingly, the undersigned

8  recommends that the Court dismiss this action with prejudice for lack of standing.

9    Before a court may reach the merits of plaintiffs' claims, it must determine

10  whether the plaintiffs have standing to bring those claims. *Lujan v. Defendants of*

11  *Wildlife*, 504 U.S. 555, 560 (1992). "To establish Article III standing, a plaintiff must

12  show (1) an injury in fact, (2) a sufficient causal connection between the injury and the

13  conduct complained of, and (3) a likelihood that the injury will be redressed by a

14  favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014)

15  (quoting *Lujan*, 504 U.S. at 560-61) (internal quotation marks omitted).

16    "To establish injury in fact, a plaintiff must show that he or she suffered 'an

17  invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

18  imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

19  1548 (2016).  Further, in order to establish a "sufficient causal connection between the

20  injury and the conduct complained of," the plaintiff must show that the injury is "fairly …

21  trace[able] to the challenged action of the defendant, and not … the result [of] the

22  independent action of some third party not before the court." *Lujan*, 504 U.S. at 560

23  (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

24

25

REPORT AND RECOMMENDATION - 7

1

2

3        The plaintiffs' amended complaint alleges that each of the defendants were

4    convicted and sentenced prior to August 1, 2009. *Id*. at 6, 13, 21.  Plaintiffs allege that in

5    2009 the Washington State Legislature amended a state sentencing statute replacing

6    range-based community custody with fixed terms of community custody. *Id*. Plaintiffs

7    allege that they were each initially sentenced to 24-48 months under the previous

8    statute, but that as a result of the 2009 amendment, their terms of community custody

9    were changed to a flat term of 36 months. *Id*. at 7, 14, 22. Each plaintiff is currently

incarcerated at Stafford Creek Corrections Center. Dkt. 12.

        A. <u>Plaintiff Alston</u>

        Plaintiff Alston was initially sentenced in May of 2008 to a sentence of 153

months incarceration and 24-48 months of community custody after release. *Id*. at 55-

56. In 2016, the Department of Corrections informed plaintiff Alston that his term of

community custody was amended to a flat 36 months in 2009. *Id*. at 57. In June 2017,

plaintiff Alston filed a "Petition For Contempt Of Court Pursuant To RCW 7.21 et seq.

For Remedial Sanctions" in King County Superior Court. *Id*. at 71. King County Superior

Court transferred the matter to the Court of Appeals of the State of Washington as a

personal restraint petition. *Id*. The Court of Appeals of the State of Washington held that

"application of the [sentencing statute], enacted after plaintiff Alston's conviction,

violated the constitutional prohibition against ex post facto laws." *Id*. at 79. The Court of

Appeals of the State of Washington granted plaintiff Alston's personal restraint petition

and ordered the Department of Corrections to recalculate his community custody term

in accordance with the law in effect at the time of the offense. *Id*.

The opinion from the Court of Appeals of the State of Washington, attached to the plaintiffs' amended complaint, indicates that plaintiff Alston's sentence has been recalculated based on the sentencing statutes in effect at the time of the offense. *Id.* This opinion was filed while plaintiff was incarcerated, serving his 2008 sentence, and before he was released into community custody. *Id.* at 55-56, 69. Therefore, plaintiff Alston has failed to show an injury in fact sufficient to establish standing. The only injury plaintiff Alston alleged in the complaint is the threat of an increased term of community custody at some point in the future, after the termination of his term of incarceration. *Id.* at 22-23. However, as has been discussed, plaintiff Alston's term of community custody was recalculated based on the laws in effect at the time of the offense, before he was released and placed on community custody. *Id.* at 55-56, 69. Accordingly, based on the amended complaint, it appears that plaintiff Alston has not been subject to any additional sentence after his conviction and there is no longer a danger that he will be subject to any such additional sentence in the future.

Based on the foregoing, plaintiff Alston has not alleged an injury in fact that is actual or imminent. Therefore, the undersigned recommends that the Court dismiss plaintiff Alston's claims because he lacks the standing to bring this action.

## B.  Plaintiff Gilbert and Plaintiff Wilton

Plaintiff Gilbert was sentenced, in 2005, to 408 months incarceration and a range of 24-48 months of community custody after release. Dkt. 12 at 34-35. In 2016, the Department of Corrections informed plaintiff Gilbert that his term of community custody had been amended to a 36-month term in 2013. *Id.* at 39. Plaintiff Wilton was sentenced, in 2007, to 318 months incarceration and a range of 24-48 months of

1    community custody after release. *Id.* at 44-45. In 2009, the Department of Corrections

2    informed plaintiff Wilton that his term of community custody had been amended to a 36-

3    month term. *Id.* at 50.

4         The Court notes that based on the documents attached to the amended

5    complaint, it appears that plaintiff Gilbert's estimated date of release from incarceration

6    is in 2039 and plaintiff Wilton's estimated date of release from incarceration is in 2029.

7    *See*, Dkt. 12 at 34-35, 50.  Additionally, plaintiffs have requested the Court take judicial

8    notice of public records showing that plaintiff Gilbert and plaintiff Wilton have filed

9    petitions challenging their sentences to the Supreme Court of the State of Washington.

10   Dkt. 35 at 5-22 (plaintiff Wilton's Reply Brief filed before the Supreme Court of the State

11   of Washington), Dkt. 35 at 24-25 (plaintiff Gilbert's Petition for Discretionary Review filed

12   before the Supreme Court of the State of Washington), Dkt. 35 at 49-50 (letter from the

13   Supreme Court of the State of Washington to plaintiff Gilbert regarding his personal

14   restraint petition). As has been discussed in this report and recommendation, because

15   these documents were filed in judicial proceedings, the court should take judicial notice

16   that the documents were filed and the date that the documents were filed, but should

17   not take notice of any set of facts set forth in the documents.

18        Plaintiffs Gilbert and Wilton allege, as their injury, that the new sentencing

19   statute, as applied to them, has "Created A Significant Risk Of Prolonging [their]

20   Incarceration." Dkt. 12 at 7-8, 25-26. Here, plaintiffs Gilbert and Wilton have not suffered

21   any actual injury, because the only change to their sentence has been to the post-

22   incarceration term of community custody. Both plaintiffs are currently serving their term

23   of incarceration and any alleged harm would occur, if at all, in the future.

24

25

1    Further, the documents submitted by plaintiffs indicate that they are currently

2  challenging their sentences before the Supreme Court of the State of Washington.

3  Nothing in the record indicates that the Supreme Court of the State of Washington has

4  made a decision on either of the personal restraint petitions. Accordingly, for plaintiffs

5  Gilbert and Wilton this threat of possible future harm is speculative, and may not ever

6  occur. It is also unclear whether the circumstances of this action will change before

7  either plaintiff is eligible for release (in 2029 and 2039). For these reasons, the

8  undersigned recommends that the Court find that plaintiffs Gilbert and Wilton have not

9  alleged an injury in fact that is actual or imminent.

10    Additionally, plaintiffs Gilbert and Wilton have failed to show a sufficient causal

11  connection between the injury and the conduct complained of. As the Court in *Lujan*

12  explained, to have standing, the plaintiff must show that their injury is "fairly …

13  trace[able] to the challenged action of the defendant, and not … the result [of] the

14  independent action of some third party not before the court. 504 U.S. at 560.

15    Here, the plaintiffs have alleged that the 2009 statutory amendment

16  implementing fixed terms of community custody applied retroactively. Dkt. 12 at 6, 13.

17  Plaintiff also allege that the statute imposed a duty on the Department of Corrections to

18  bring community custody sentences into compliance with the amended statute. *Id*.

19  However, the plaintiffs do not identify who changed their terms of community custody.

20  Additionally, the amended complaint does not state any facts alleging that the named

21  defendants participated in the purported constitutional violation.

22    Accordingly, plaintiffs Gilbert and Wilton have not shown that their allegations of

23  future injury could be fairly traced to any actions taken by defendants. In fact, it appears

24

25

1  that the actions the plaintiffs seek to challenge, are the action of the legislature --

2  retroactively applying fixed terms of community custody -- or the employee(s) at the

3  Department of Corrections that applied the statute to plaintiffs' sentences.  None of

4  these third-party actors are named defendants in this action. Therefore, plaintiffs Gilbert

5  and Wilton have not shown a sufficient causal connection between the alleged future

6  injury and the conduct complained of to establish standing.

7      Based on the foregoing discussion, the undersigned recommends that the Court

8  dismiss this action because the plaintiffs lack proper standing to bring this action.

9      3)  Deficient Complaint

10     The undersigned recommends the Court dismiss this action for lack of standing,

11 however, if the Court finds that the plaintiffs have standing to bring this action, the

12 amended complaint should be dismissed for the deficiencies discussed below.

13         A.  Personal Participation

14     Plaintiffs' amended complaint is deficient because it fails to allege clear and

15 specific facts demonstrating that the defendants individually participated in the alleged

16 constitutional violations.

17     42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected

18 rights caused by persons acting under color of state law." *Paratt v. Taylor*, 451 U.S.

19 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327

20 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct

21 complained of was committed by a person acting under color of state law, and (2) the

22 conduct deprived a person of a right, privilege, or immunity secured by the Constitution

23 or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an

24

25

REPORT AND RECOMMENDATION - 12

alleged wrong only if both of these elements are presented. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089,1092 (9th Cir. 1982). Plaintiff must allege facts showing that the defendants personally participated in the alleged deprivation of federal constitutional or statutory rights. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). Further, "a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act or prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)). Finally, vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Here, plaintiffs name defendants Stephen Sinclair, Secretary of the Washington State Department of Corrections, Ron Hayes, superintendent at Stafford Creek Correction Center, and Pamela Iverson, a records supervisor at Stafford Creek. Dkt. 12. The amended complaint alleges that the defendants, in their official capacities, failed to bring the plaintiffs' terms of community custody into compliance with amended sentencing statutes and therefore violated plaintiffs' rights under the Ex Post Facto Clause of the United States Constitution. Dkt. 12. Plaintiffs' also allege that defendants are "misapplying" state statutes, which is purportedly violating the plaintiffs' constitutionally protected rights. *Id.*

1    Plaintiffs' amended complaint makes no factual allegations that clearly identify or

2    describe the actions that defendants took or failed to take that caused a violation of

3    plaintiffs' constitutional or statutory rights. The amended complaint alleges that plaintiffs'

4    terms of community custody were incorrectly changed, but does not explain who made

5    this change or how the defendants participated in this purported misconduct. Further,

6    conclusory allegations that defendants are "misapplying" the law and violating plaintiffs'

7    rights, without factual allegations, are insufficient to state a claim under Section 1983.

8    Additionally, to the extent that plaintiffs seek to hold the defendants liable on the

9    basis of their supervisory roles, the amended complaint fails to state a cause of action

10   under Section 1983. The amended complaint fails to state a claim for supervisory

11   liability because it does not allege any facts indicating that the defendants, "participated

12   in or directed the violations or knew of the violations and failed to act or prevent them."

13   *See, Taylor*, 880 F.2d at 1045.

14   Based on the foregoing, because plaintiffs' amended complaint fails to allege

15   clear and specific facts demonstrating that the defendants individually participated in the

16   alleged constitutional violations, the undersigned recommends that the Court dismiss

17   this action.

18   B.   Official Capacity

19   Plaintiffs' amended complaint is also deficient to the extent that it seeks monetary

20   damages against the defendants in their official capacities.

21   When a plaintiff sues a state official in their official capacity, the action should be

22   treated as a suit against the State and not the named official. *Hartmann v. Cal. Dep't of*

23   *Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). Because the action is treated as a

24

25

REPORT AND RECOMMENDATION - 14

suit against the State, the state officer sued for damages in their official capacity, like

the State, is not a "person" within the meaning of Section 1983. *Paeste v. Gov't of*

*Guam*, 798 F.3d 1228, 1236 (9th Cir. 2015). Accordingly, a plaintiff cannot seek

damages in a Section 1983 action against a state official in their official capacity, and is

instead limited to prospective injunctive relief. *Id.*

Plaintiffs' amended complaint alleges that this action is against the defendants in

their official capacities. *See*, Dkt 12 at 3-4, 11-12, 18-20. Additionally, the complaint

seeks declaratory relief and monetary damages, but does not seek injunctive relief. *Id.*

at 9, 17, 25. Therefore, plaintiffs' amended complaint improperly seeks monetary

damages from the defendants in their official capacities.

Based on the foregoing, the Court recommends that the Court dismiss plaintiff's

claims for monetary damages against the defendants in their official capacities.

<u>LEAVE TO AMEND</u>

When a pro se litigant's complaint fails to state a claim upon which relief may be

granted the Court generally grants the opportunity to amend the complaint. *Lucas v.*

*Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny

leave to amend when amendment would be futile, or the amended complaint would be

subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, the undersigned recommends that the Court deny leave to amend because

any amendment would be futile. As has been discussed, plaintiff Alston does not have

standing, because the threat of violation of his Constitutional rights was corrected

before plaintiff Alston suffered an injury in fact. Further, because his sentence was

recalculated, there is no indication that plaintiff Alston has suffered or will ever suffer an

actual injury caused by the purported Constitutional violation. Therefore, plaintiff Alston lacks standing, and amendment would not cure this defect.

With regards to plaintiffs Gilbert and Wilton, any amendment to the complaint would also be futile. Both plaintiffs Gilbert and Wilton allege a future injury that at this point is purely speculative. They do not demonstrate any actual or imminent injury. Additionally, it does not appear that plaintiffs Gilbert and Wilton could amend their complaint to show an actual or imminent threat of injury. Therefore, the undersigned recommends that the Court also deny leave to amend to plaintiffs Gilbert and Wilton.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

There is no evidence to support their claims of any injury, beyond speculation of a future injury that may never occur. Their appeals would be frivolous. Accordingly, the Court recommends that *in forma pauperis* status should be denied on appeal.

## CONCLUSION

Based on the foregoing, the Court recommends that plaintiffs' amendment complaint (Dkt. 12) should be DISMISSED because plaintiffs lack the proper standing to bring this action. Additionally, the undersigned recommends that the Court dismiss the remaining pending motions[1] as moot.

---

[1] Dkt. 25 (Plaintiffs' Motion for Appointment of Counsel), Dkt. 35 (Plaintiffs' Motion for Hearing).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **February 28, 2020**, as noted in the caption.

Dated this 31st day of January, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 17