UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN ABDUL GILBERT, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>    Defendants. | CASE NO. C19-5406 BHS<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION TO AMEND OBJECTIONS, AND DENYING OTHER MOTIONS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 38; Plaintiffs Kevin Abdul Gilbert ("Gilbert"), Kenneth Ramone Alston ("Alston"), and Reginald Wayne Wilton's ("Wilton") (collectively "Plaintiffs") objections to the R&R, Dkts. 39, 40, 42; Wilton's motion for an injunction, Dkt. 45; Wilton's motion to amend objections, Dkt. 47; Gilbert's motion to appoint counsel, Dkt. 52, Wilton's motion for extension of time, Dkt. 57; and Gilbert's motion for hearing, Dkt. 58.

## I. PROCEDURAL HISTORY

On June 19, 2019, Plaintiffs filed an amended civil rights complaint against Defendants Ron Haynes, Pamela Iverson, and Stephen Sinclair ("Defendants"). Dkt. 12.

Plaintiffs allege that Defendants improperly altered their length of community custody in violation of the Ex Post Facto Clause of the United States Constitution. *Id.*

On July 16, 2019, Defendants filed a motion to dismiss based on numerous inadequacies in the complaint, including the failure to plead an actual, compensable injury under 42 U.S.C. § 1983. Dkt. 14 at 4 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)). On January 31, 2020, Judge Fricke issued the R&R sua sponte converting Defendants' lack of injury argument into a jurisdictional lack of standing issue and recommending that the Court dismiss each plaintiff's claim for lack of standing. Dkt. 38. On February 13, 2020, Gilbert filed objections. Dkt. 39. On February 20, 2020, Wilton filed objections arguing in part that it was an error to base dismissal on lack of standing when Defendants did not raise the argument in their motion. Dkt. 40 at 4–5. On March 11, 2020 Alston filed objections. Dkt. 42.

On March 30, 2020, Wilton filed a motion for an injunction to prevent improper cell house searches that allegedly occurred in retaliation for this suit. Dkt. 45.

On April 6, 2020, Wilton filed a motion to amend his objections. Dkt. 47. On April 17, 2020, Defendants responded and opposed the untimely amended objections. Dkt. 48.

On April 21, 2020, Defendants responded to Wilton's motion for injunction arguing that it should be denied as outside the scope of the complaint and fails on the merits. Dkt. 49.

On April 22, 2020, Gilbert filed a motion to appoint counsel. Dkt. 52.

1    On April 27, 2020, Wilton filed a motion for an extension of time requesting an
2 extra twenty days to file a reply to Defendants' opposition to his motion for injunction.
3 Dkt. 57.  On April 29, 2020, Gilbert filed a motion for a hearing on the R&R.  Dkt. 58.

4    On May 1, 2020, Defendants opposed Gilbert's motion to appoint.  Dkt. 53.

5    On May 8, 2020, Defendants opposed Wilton's motion for an extension of time.
6 Dkt. 61.

## II.  DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

**A.  Standing**

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (internal quotation marks omitted).

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999).  Thus, a "district court ha[s] both the power and the duty to raise the adequacy of [Plaintiffs'] standing sua sponte." *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

In this case, the Court concludes that Judge Fricke properly addressed the issue of no injury sua sponte as the jurisdictional issue of lack of standing. While Plaintiffs may not have had notice and an opportunity to respond before Judge Fricke issued the R&R, they have all filed objections satisfying any concerns with a violation of due process. Regarding the merits, Plaintiffs have failed to establish any injury in fact. Each plaintiff received a sentence of 24–48 months of community custody following the period of incarceration. Although Washington subsequently altered each term to 36 months by statute, Alston successfully challenged the change through the state courts, and his term of community custody has been recalculated to conform to the original 24–48 months. Alston has failed to establish any injury in the process of altering and then reestablishing his post-incarceration period of custody. Gilbert and Wilton have remained incarcerated the entire time because their estimated dates of release are 2039 and 2029, respectively. They fail to establish any injury in challenging their post-incarceration period of community custody while incarcerated. Therefore, the Court adopts the R&R dismissing Plaintiffs' amended complaint for lack of standing.

Plaintiffs also challenge whether the amended complaint should be dismissed with or without prejudice. "[T]he law universally disfavors dismissing an action with prejudice based on lack of standing, and there is a strong presumption that such a dismissal is improper." *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009). While an argument could be made that Plaintiffs can never establish an injury to support their claim, the Court finds no reason to reach that

conclusion at this time.  Therefore, the Court concludes that dismissal without prejudice is proper.

**B.     Injunction**

The Court agrees with Defendants that Wilton has requested an injunction based on retaliation, which is clearly beyond the scope of the complaint.  Therefore, the Court denies Wilton's motion.

**C.     Other motions**

The Court grants the motion to amend and considered Wilton's amended objections.  On the other hand, the Court denies all the other motions as moot in light of the dismissal for lack of standing.

## III.  ORDER

Therefore, the Court having considered the R&R, Plaintiffs' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and **MODIFIED in part**;

(2) Defendants' motion to dismiss, Dkt. 14, is **GRANTED** and Plaintiffs' amended complaint is **DISMISSED without prejudice**;

(3) Wilton's motion to amend objections, Dkt. 47, is **GRANTED**;

(4) Wilton's motion for injunction, Dkt. 45, Gilbert's motion to appoint, Dkt. 52, Wilton's motion for an extension of time, Dkt. 57, and Gilbert's motion for a hearing, Dkt. 58, are **DENIED**;

(5) Plaintiffs' *in forma pauperis* status are **REVOKED** for purposes of appeal; and

(6)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 12th day of May, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge